IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| EUGUNE KYEVONNIE LESLIE, : | |
| : | |
| v. : | CASE NO.: 7:20-cv-79 (WLS) |
| : | |
| HAYWARD CRUMBRY, *et al.,* : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

Before the Court is a "Recommendation" filed by United States Magistrate Judge Thomas Q. Langstaff on January 20, 2022. (Doc. 28.) Therein, Judge Langstaff recommends that Defendant Crumbry's Motion for Summary Judgment (Doc. 24) be granted. The Recommendation (Doc. 28) is in favor of granting Defendant's Motion for Summary Judgment (Doc. 24) because Defendant Crumbry did not demonstrate deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment and Defendant Crumbry is entitled to the defense of qualified immunity. (Doc. 28.)

The Recommendation provided the Plaintiff with fourteen (14) days to file a written objection pursuant to 28 U.S.C. § 636(b)(1). To date, no objection has been filed. Upon full review and consideration of the record, and finding neither plain error nor manifest injustice in Judge Langstaff's Recommendation, *see United States v. Aponte*, 461 f. App'x 828, 830 n.2 (11th Cir. 2012), this Court finds that the Recommendation (Doc. 28) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein.

**PROCEDURAL HISTORY**

Plaintiff filed a Complaint concerning his incarceration at the Valdosta State Prison ("VSP") on April 30, 2020. (Doc. 1.) In this Court's initial review of the Complaint, the Court permitted Plaintiff's Eighth amendment deliberate indifference to a serious medical need claim against Defendant Crumbry to proceed among others. (Doc. 10.) Defendant Crumbry filed a Motion for Summary Judgment on June 3, 2021. (Doc. 24.) Plaintiff filed a Response on July

2, 2021. (Doc. 27.) Judge Langstaff issued his Recommendation in favor of granting Defendant Crumbry's Motion for Summary Judgment on January 20, 2022. (Doc. 28.)

**STATEMENT OF RELEVANT FACTS**

The following facts are derived from Plaintiff's Complaint (Doc. 1); Defendant Crumbry's Answer to the Complaint (Doc. 17); and Defendant Crumbry's Motion for Sumary Judgment (Doc. 24.) Where relevant, the factual summary also includes undisputed and disputed facts derived from the pleadings, the discovery and disclosure materials on file, and any affidavits, all of which are construed in a light most favorable to Plaintiff as the nonmoving party. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)

Plaintiff alleges, in his unverified and unsworn Complaint, that on or about February 1, 2019, Plaintiff was sprayed in his "Face, Eyes, and Mouth" with O.C. Spray.[1] (Doc. 1.) According to Plaintiff medical was not notified and Plaintiff was "left in [his] cell with no fresh oxygen to breathe with windows sealed shut … [and] left to suffer the morning of February 1, 2019." (Doc. 1.) Defendant Crumbry was implicated in Plaintiff's complaint, because Defendant Crumbry allegedly "never called medical." (Doc. 1 at 13.)

Defendant Crumbry admits that he was present when Plaintiff was pepper sprayed on February 1, 2019. (Doc. 24-1 at 1.) According to Defendant Crumbry, Defendant was a bystander when Plaintiff was pepper sprayed. (Doc. 24-1 at 1.) Defendant Crumbry avers that immediately after being pepper sprayed Plaintiff received medical treatment, was taken to the showers to remove the pepper spray and was instructed to use the sink in Plaintiff's cell, which is equipped with running water, to further wash his face and eyes. (Doc. 24-1 at 2.) As Plaintiff received immediate medical treatment as well as a shower, Defendant Crumbry did not believe that Plaintiff was experiencing a serious medical need. (Doc. 24-1 at 2.)

---

[1] The Court notes for the purposes of the record that Plaintiff's Complaint did not comply with 28 U.S.C. § 1746 and that Plaintiff did not otherwise seek to verify his complaint by including a statement that the foregoing was true and accurate. *See Nissho-Iwai Am. Corp v. Kline*, 845 F.2d 1300, 1305 (5th Cir. 1988) (declining to consider on summary judgment an "affidavit" that was only notarized and was "neither sworn nor its contents stated to be true and correct nor stated under penalty of perjury) (cited by *United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in the State of Ala.*, 941 F.2d 1428, 1444 n. 36 (11th Cir. 1991) (noting that a declaration executed in accordance with 28 U.S.C. § 1746 may be considered at summary judgment)).

Defendant Crumbry's statement of facts is supported by the sworn statement of Elizabeth Fields, the Director of Nurses at VSP. (Doc. 24-2 at 1.) According to Elizabeth Fields, the medical facility at VSP was immediately notified after Plaintiff was pepper sprayed, Plaintiff was immediately examined by a nurse, Plaintiff had no injuries – other than having red eyes – Plaintiff was taken to the showers to allow Plaintiff to thoroughly wash his face and eyes and Plaintiff was instructed to use the sink in his cell to further wash his face and eyes. (Doc. 24-2 at 1-2.) Elizabeth Fields further states that Plaintiff received a follow-up examination on February 6, 2019, which determined that Plaintiff did not have any eye injuries resulting from being pepper sprayed. (Doc. 24-2 at 2.)

Plaintiff, in his unverified and unsworn Response, alleges that unspecified portions of Defendant's Crumbry's statement of facts are falsified or fabricated. (Doc. 27 at 2.) Plaintiff did not identify which portions of Defendant Crumbry's filings are falsified or fabricated and did not support this allegation with evidence.

## **STANDARD OF REVIEW**

A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which an objection is made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. If no timely objection is filed, the court considers the recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (quoting the Fourth Circuit and stating, "Most circuits agree that '[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"). Given that Plaintiff has not filed a timely objection, this Court will consider the Recommendation for clear error.

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Chow v. Chak Yam Chau*, 555 F. App'x 842, 846 (11th Cir. 2014) (citing *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013)). " 'A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.' " *Grimes v. Miami Dade Cnty.*, 552 F. App'x 902, 904 (11th Cir.

3

2014) (citation omitted). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the non-moving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant – in this case Defendant Crumbry – bears the initial burden of showing, by citing to the record, that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Barreto v. Davie Marketplace, LLC*, 331 F. App'x 672, 673 (11th Cir. 2009). The movant can meet that burden by presenting evidence showing there is no dispute of material fact, or by demonstrating that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322-24. After the movant has met their burden, the Court must then determine "whether the evidence [submitted by Plaintiff] presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) (citation omitted). The nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. While a Plaintiff can use their affidavit to meet this burden, Fed. R. Civ. P. 56(c)(4), the affidavit must "designate 'specific facts showing that there is a genuine issue for trial,' " and "he may not merely rest on his pleadings." *Graham*, 193 F.3d at, 1282. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Vicks v. Knight*, 380 F. App'x 847, 851 (11th Cir. May 26, 2010) (citation omitted). To avoid summary judgment, the non-movant must point to record evidence that would be admissible at trial. *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) (quoting *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999)) (noting that hearsay may be considered on a motion for summary judgment only if it "could be reduced to admissible evidence at trial or reduced to admissible form.").

On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine

4

whether that evidence could reasonably sustain a jury verdict. *See Matsushita*, 475 U.S. at 587-88; *Allen*, 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## DISCUSSION

The Recommendation is in favor of granting Defendant's Motion for Summary Judgment as Plaintiff failed to allege facts sufficient to show that Defendant Crumbry was deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment, and Defendant Crumbry is entitled to qualified immunity. (Doc. 28 at 5-7.) As Plaintiff has not filed an objection to the Recommendation (Doc. 28) to date, this Court shall review the Recommendation's findings for clear error.

**I.  Deliberate Indifference to a Serious Medical Need**

To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Barcelona v. Rodriguez*, 847 F. App'x 739, 741-42 (11th Cir. 2021) (quoting *Danley v. Allen*, 540 F.3d 1298, 1310 (11th Cir. 2008)). To establish a violation of the Eighth Amendment there must also be "some proof that officials acted with specific intent." *Id*., at 741 (quoting *Campbell v. Sikes*, 169 F.3d 1353, 1362-63 (11th Cir. 1999)). To establish the intent element, a plaintiff must allege that the prison official had "'subjective knowledge of a risk of serious harm; and disregarded that risk 'by conduct that is more than [gross] negligence.'" *Id*., at 742 (quoting *Danley*, 540 f.3d at 1312) (alteration in original).

The Recommendation favors granting Defendant's Motion for Summary Judgment (Doc. 24) on Plaintiff's deliberate indifference claim for two reasons. First, Plaintiff did not allege sufficient facts to establish that Defendant Crumbry had "'subjective knowledge of a risk and serious harm; and disregarded that risk 'by conduct that is more than [gross] negligence.'" (Doc. 28 at 6.) *Barcelona v. Rodriguez*, 847 F. App'x 739, 741-42 (11th Cir. 2021) (quoting *Danley v. Allen*, 540 F.3d 1298, 1310 (11th Cir. 2008)). Second, Plaintiff did not establish causation between the alleged indifference to a serious medical need and Plaintiff's injury by placing "verifying medical evidence in the record." *Jacoby v. Baldwin Cnty.*, 596 F.

App'x 757, 767 (11th Cir. 2014) (it is Plaintiff's burden to place medical evidence into the record). In making this finding, the Recommendation relied upon the fact that Plaintiff never alleged that Defendant Crumbry had any knowledge that Plaintiff had allegedly been left without medical treatment and Defendant Crumbry's sworn statements that Plaintiff was examined by a nurse immediately after the incident in question, who determined that Plaintiff did not have any injuries outside his red eyes. (Doc. 28 at 6.)

Upon full review and consideration of the record, this Court finds neither plain error nor manifest injustice with respect to Judge Langstaff's Recommendation (Doc. 28) as to this issue. Based on the evidence currently in the record, there is no genuine dispute of material fact as to whether Defendant Crumbry was subjectively aware that Plaintiff allegedly went without medical treatment, and Plaintiff has not presented sufficient evidence to establish an essential element of the case with respect to which the Plaintiff bears the burden of proof. Accordingly, this Court finds that the Recommendation (Doc. 28) should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for the reason of the findings made and reasons stated therein as to the issue of whether the Defendant displayed deliberate indifference to Plaintiff's serious medical need.

## II.     Qualified Immunity

The Recommendation also favors finding that the Defendant was entitled to qualified immunity (Doc. 28 at 7.) "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). The Recommendation favors finding that the Defendant was entitled to qualified immunity because there was no constitutional or statutory violation in the present case. *Baltimore v. City of Albany, Ga.*, 183 F. App'x 891, 896 (11th Cir. 2006) (per curiam).

Upon full review and consideration of the record, this Court finds neither plain error nor manifest injustice with respect to Judge Langstaff's Recommendation (Doc. 28) as to this issue. Based on the evidence currently in the record, there was no constitutional violation and therefore Defendant Crumbry is entitled to qualified immunity. Accordingly, this Court finds that the Recommendation (Doc. 28) should be, and hereby is, **ACCEPTED**, **ADOPTED**,

and made the Order of this Court for the reason of the findings made and reasons stated therein as to the issue of whether the Defendant is entitled to the defense of qualified immunity.

## CONCLUSION

In conclusion, this Court concurs with the findings made in the Recommendation that the Defendant is entitled to summary judgment on Plaintiff's Eighth Amendment deliberate indifference claim and is also entitled to the defense of qualified immunity as there was no constitutional violation. Accordingly, upon full review and consideration of the record, the Court finds that the Recommendation should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and the conclusions reached herein. Accordingly, Plaintiff's Complaint against Defendant Crumbry is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this day 14th of February 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**